IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LOUIS CARL JEMISON, III,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Petitioner,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　Civil No.: 3:13CV472–HEH
　　　　　　　　　　　　　　　　　　　)
ERIC D. WILSON,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Respondent.　　　　　　　　　　　)

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2241 Petition for Want of Jurisdiction)

Louis Carl Jemison, III ("Jemison"), a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition ("§ 2241 Petition" (ECF No. 1).) Jemison was convicted in the United States District Court for the Northern District of Ohio ("Sentencing Court") for one count of possession with intent to distribute 500 grams or more of cocaine ("Count One"), one count of possession with intent to distribute five to fifty grams of cocaine base ("Count Two"), and one count of being a felon in possession of ammunition ("Count Three"). *See United States v. Jemison*, 310 F. App'x 866, 868–69 (6th Cir.

---

[1] That statute provides, in pertinent part:

    (c) The writ of habeas corpus shall not extend to a prisoner unless—
       (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
       (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
       (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

2009). The Sentencing Court sentenced Jemison to 240 months each on Count One and Two, and 120 months on Count Three. *Id.* at 869.[2] In his § 2241 Petition, Jemison challenges those sentences. (§ 2241 Pet. 3, 4.) For the reasons set forth below, the action will be DISMISSED for want of jurisdiction.

Jemison is barred by the Antiterrorism and Effective Death Penalty Act of 1996 from filing a successive § 2255 motion. His present claims are not predicated upon newly discovered evidence or a new rule of constitutional law. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Rather, his claims only challenge his sentences.

In order to proceed under 28 U.S.C. § 2241, Jemison must demonstrate that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)).

Furthermore, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under the provision, or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

---

[2] By Memorandum Opinion and Order entered February 23, 2010, the Sentencing Court denied a § 2255 Motion filed by Jemison. (ECF No. 104 from *United States v. Jemison*, 1:06-cr-00403-DCN-1 (N.D. Ohio).)

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit has deemed § 2255 to be inadequate and ineffective to test the legality of a conviction when

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). The test articulated by the Fourth Circuit in *In re Jones* is intended to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress." *Id.* at 333 n.3. This inadequate and ineffective exception is known as the "savings clause" to the limitations imposed by § 2255. *Id.* at 333.

Jemison's three claims fail to satisfy the prerequisites for relief under § 2241 announced in *In re Jones*. All of the conduct of which he was convicted remains a crime. Moreover, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333–34); *Patterson v. Wilson*, No. 3:12CV66, 2013 WL 101544, at *3 (E.D. Va. Jan. 8, 2013) ("The Fourth Circuit's refusal to allow petitioners to utilize § 2241 to challenge a career offender designation applies with equal force to a challenge

to an enhanced sentence under 21 U.S.C. § 851.") (citations omitted). This Court, therefore, lacks jurisdiction to entertain the present petition for habeas corpus.

An appeal may not be taken from the final order in a habeas corpus proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 & n.4 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Since Jemison has not satisfied this prerequisite, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                                                   /s/
                                      Henry E. Hudson
                                      United States District Judge

Date: Sep. 24, 2013
Richmond, VA